NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAZIR KHAN | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) No. 20 C 3819 <br> ) |
| PRESENCE ST. MARY AND ST. ELIZABETH HOSPITALS, *et al.*, | ) Judge Virginia M. Kendall <br> ) <br> ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Presence Chicago Hospitals Network d/b/a Presence Saints Mary and Elizabeth Medical Center ("Presence" or the "Hospital"), Laura Concannon, MD, Nora Byrne, JD, Norma Thornton, Thomas Malvar, MD, David Hines, MD, Ada Arias, MD, Raghu Ramadurai, MD, Ernesto Cabrera, MD, Olga Saavedra, MD, Michael Maghrabi, DPM, Alejandra Ditryk, RN, and the Board of Directors for Presence Saints Mary and Elizabeth Medical Center have filed a Motion to Dismiss Plaintiff's Amended Complaint. [Dkt. 50]. Defendants argue that this Court does not have subject matter jurisdiction and Plaintiff has failed to state a claim. Certain Defendants also argue that proper service has not been effected. For the reasons discussed below, the Court grants Defendants' Motion to Dismiss.

**BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the Complaint's well-pleaded factual allegations and draws all reasonable inferences in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The facts below come from Plaintiff's Amended Complaint (Dkt. 35) and the Court accepts

1

them as true for purposes of reviewing this Motion. *See Vinson v. Vermillion Cty., Ill.*, 776 F.3d 924, 925 (7th Cir. 2015).

Plaintiff has practiced cardiovascular and thoracic surgery since 1983. (Doc. 35 at 2). Plaintiff is a highly skilled and competent surgeon who can perform complicated cardiovascular and thoracic surgeries. (*Id.* at 2–3). In 1998, Plaintiff became a member of the medical staff at Saint Elizabeth's Hospital which later joined St. Mary Hospital as Presence Saints Mary and Elizabeth's Hospital in 2005 ("the Hospital"). (*Id.* at 3). In November of 2017, Dr. Khan alleges that Martin Judd, the CEO of the Hospital and Laura Concannon, M.D., Chief Medical Officer of the Hospital, formed a conspiracy to coerce him into taking a leave of absence from the Hospital. (*Id.* at 4, 8–9). Defendants Judd and Dr. Concannon acted in concert with two presidents of the medical staff, Dr. Ada Arias and Dr. Raghu Ramadurai, and the hospital attorney to remove Plaintiff. (*Id.* at 4). The intent of the conspiracy was to remove the Plaintiff from the medical staff so that the hospital could use its own radiologists to perform and charge for these endovascular procedures that Plaintiff was performing, therein removing competition from the other cardiovascular and thoracic surgeons on staff. (*Id.*).

On November 3, 2017, Judd and Dr. Concannon called Plaintiff into a meeting where Judd explicitly asked Plaintiff to resign from the medical staff. (*Id.* at 7). Plaintiff asked why he was being asked to resign and was told there was a "pattern," but without any specific details as to what the pattern was. (*Id.*). Judd and Dr. Concannon told Plaintiff to immediately sign a Leave of Absence letter, which Plaintiff did under duress. (*Id.*). The Leave of Absence was effective November 4, 2017. (*Id.*). Plaintiff alleges the Leave of Absence letter violated hospital bylaws because it did not state the approximate duration of the leave of absence. (*Id.* at 8). Additionally, pursuant to the alleged conspiracy, on November 17, 2017, the Medical Executive Committee

(MEC) appointed an Investigative Committee pursuant to the hospital bylaws to address the quality concerns related to Dr. Khan's practice at the Hospital. (*Id.* at 7–8, 12). The Presence Quality Assurance Committee identified four surgical cases performed by Dr. Khan that raised clinical concerns, and identified clinical concerns related to a high infection rate, responsiveness to calls and pages, and case management trends. (*Id.* at 10–11). The MEC notified Plaintiff that he was required to get a neuro-psychological and a physical exam to address the clinical concerns from the Investigative Committee, which Dr. Khan refused to undergo, arguing there was no justifiable reason for him to proceed with the testing. (*Id.* at 12, 23). On December 7th, 2017, Plaintiff sent a letter asking that his six-month log of surgical cases be sent to an outside reviewer with respect to the evaluation of outcomes of surgery and infection rate. (*Id*. at 11). Dr. Khan's request for outside review was ignored. (*Id.*). Dr. Khan's privileges were voluntarily terminated on June 18, 2018. (*Id.* at 24).

Dr. Khan brings claims of Violation of Hospital Bylaws, Fraudulent Actions and Wrongful Termination of Plaintiff's Hospital Privileges, Violation of the Health Care Quality Improvement Act, Breach of Contract, Violation of the Federal Antitrust Laws, Violation of the Civil Rights Act of 1991, Defamation, and Mental Distress.

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim challenges the sufficiency of the complaint. *Berger v. National Collegiate Athletic Association*, 843 F.3d 285, 289–90 (7th Cir. 2016). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 1146 (7th Cir. 2016). The complaint must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 570). In assessing the sufficiency of the complaint, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

Rule 12(b)(5) provides that a defendant may seek dismissal for "insufficient service of process." Fed.R.Civ.P. 12(b)(5). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir. 2005). The Court may consider affidavits, other documentary evidence, depositions, and oral testimony when considering whether summons was properly served. *Dumas v. Decker*, 10 C 7684, 2012 WL 1755674, *2 (N.D. Ill. May 16, 2012) (citing *Falconer v. Gibsons Rest. Grp., LLC*, 2011 WL 43023, at *1 (N.D. Ill. Jan.6, 2011 WL 43023); 5B Wright & Miller, Federal Practice and Procedure § 1353, at 344–45 (3d ed. 2004). Neither party requested an evidentiary hearing, so the motion will be resolved based on the parties' briefs and attached evidentiary materials.

## **DISCUSSION**

### I.     **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Plaintiff has filed four complaints – his original complaint and three amended complaints. The Court granted his first amendment and the Complaint at issue was filed on August 24, 2020.

In spite of warning that Court would not accept other amendments without leave of Court, Plaintiff filed two more amended complaints. Defendants argue that the only claims that may trigger the Court's Federal Question jurisdiction are the alleged violations of the federal antitrust laws, violations of HCQIA and the citation to the Civil Rights Act of 1981, but that Plaintiff has failed to state a claim under each statute. Defendants assert that since Plaintiff has not brought a federal claim, the remaining state law claims should be dismissed. The Court views Plaintiff's *pro se* pleadings liberally. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a "document filed *pro se* is to be liberally construed, and a *pro s*e complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") The Court has had experience with Kahn in a previous matter where he was sanctioned for his litigation conduct. *See Khan et al. v. Hemosphere Inc., et al.*, No. 18-5368. Even viewing Plaintiff's claims liberally, his antitrust, HCQIA, and Civil Rights claims must be dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

    **A.**    **Antitrust Claims**

Plaintiff brings claims under Section 1 and Section 2 of the Sherman Antitrust Act for the loss of his clinical privileges at the Hospital.[1] There are three elements to a § 1 claim: "'(1) a contract, combination, or conspiracy; (2) a resultant unreasonable restraint of trade in the relevant market; and (3) an accompanying injury.'" *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 335 (7th Cir. 2012) (quoting *Denny's Marina, Inc. v. Renfro Prods., Inc.*, 8 F.3d 1217, 1220 (7th Cir. 1993)). To satisfy the injury requirement, Plaintiff must allege that his "claimed injuries

---

[1] Plaintiff also brings a claim under the Federal Trade Commission Act of 1914, which created the FTC. Plaintiff does not explain under which provision of the Act he seeks to bring his claim. The Court assumes Plaintiff intends to bring antitrust claims generally, for which the Sherman Act provides the remedy he seeks.

are 'of the type the antitrust laws were intended to prevent' and 'reflect the anticompetitive effect of either the violation or of anticompetitive acts made possible by the violation.'" *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 433 F.3d 1024, 1031 (7th Cir. 2006) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).

Plaintiff alleges that the loss of his clinical privileges are cognizable injuries under the Sherman Antitrust act, yet this conclusory assertion is insufficient to state an antitrust injury. Of the many deficiencies in Plaintiff's Complaint, the most salient is that Plaintiff has only pled that his injury is the loss of his clinical privileges and does not plead any effect on any market. The Seventh Circuit has stated explicitly that "the staffing decision at a single hospital [is] not a violation of Section 1 of the Sherman Act." *Kochert v. Greater Lafayette Health Services*, 463 F.3d 710, 718 (7th Cir. 2006) (citing *BCB Anesthesia Care Ltd. v. Passavant Memorial Area Hospital*, 36 F.3d 664, 668 (7th Cir. 1994)). Additionally, Plaintiff has not pled the relevant market nor facts to establish the market control of the Hospital, both of which are required under Sections 1 and 2 of the Sherman Act. *See Right Field Rooftops, LLC v. Chi. Baseball Holdings, LLC*, 87 F. Supp. 3d 874, 886 (N.D. Ill. 2015) (citing *Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 738 (7th Cir. 2004)). The failure to allege the existence of a relevant commercial market is fatal to a Sherman Act claim, regardless of whether the Court applies a *per se* analysis, quick-look review, or rule-of-reason analysis. *Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Ill., Inc.*, 412 F. Supp. 3d 941, 952 (N.D. Ill. 2019) (citing *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 337 (7th Cir. 2012) ("It is the existence of a commercial market that implicates the Sherman Act in the first instance.")). Because Plaintiff does not plead a cognizable antitrust injury and has failed to plead a commercial market, Plaintiff cannot make out an antitrust claim.

### B. Health Care Quality Improvement Act Claims

Plaintiff pleads an injury under the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 1110. It is well-settled that the HCQIA does not provide a private cause of action to aggrieved physicians. *See e.g. Rosenberg v. Advocate Health & Hospitals Corp.*, No. 11 C 2493, 2011 WL 1548391, *3 (N.D. Ill. Apr. 22, 2011). In fact, "it appears that every court to address the question of whether the HCQIA provides a private cause of action has come to the same conclusion: it does not." *Id.* (citing *Westmoreland v. Pleasant Valley Hosp., Inc.*, No. 3:08–1444, 2009 WL 1659835, at *3 (S.D. W.Va. Jun.12, 2009) and collecting cases). Because the HCQIA does not provide a private cause of action such that Plaintiff may avail himself of the statute, the Court need not linger on this claim. Plaintiff's HCQIA claim is dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts ... have broad discretion to deny leave to amend ... where the amendment would be futile.").

### C. Civil Rights claims

Plaintiff brings a claim under the "Civil Rights Act of 1991," which does not exist. The Court will construe this as intending to refer to 42 U.S.C. § 1981. In order to bring a Title VII claim in federal court, a plaintiff must present the claim in an EEOC charge and have obtained a right-to-sue letter. *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005) (stating that "[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter"); *Ballard v. Sercon Corp.*, 846 F.2d 463, 468 (7th Cir. 1988) ("Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional; that is, a court is obligated to enforce the requirement even if the defendant has overlooked it.") In Illinois, a plaintiff has a 300-day window to file an EEOC charge concerning an alleged unlawful

employment practice for a Title VII claim based on those practices to be actionable. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) ("If a plaintiff does not file a charge concerning a discrete act within the 300-day window, [his] claim is time-barred and [he] may not recover."); *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) ("A charge of employment discrimination must be filed with EEOC within 300 days of the alleged unlawful employment practice."). Here, Plaintiff does not allege that he filed a discrimination charge with the EEOC within the 300-day window nor does he allege anything that could lead the Court to believe that he has exhausted his administrative remedies. Because Plaintiff does not allege he has filed a charge with the EEOC or exhausted his administrative remedies, Plaintiff's Title VII claim is dismissed.

## II. Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process

The docket indicates that Thomas Mulvar (Dkt. 13-1), David Hines (Dkt. 13-1), Ernesto Cabrera (Dkt. 14), Nora Byrne (Dkt. 16), Raghu Ramadurai (Dkt. 17), Ada Arias (Dkt. 17-1) and Michael Maghrabi (Dkt. 17-2) were all served by certified mail. The Defendants move to dismiss pursuant to Rule 12(b)(5). Rule 4(e) provides that an individual defendant may be served by following state law, in this case Illinois law, or by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Illinois law provides that an individual defendant may be served by leaving a copy of the summons with the defendant personally, or:

> (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that

8

>person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 ILCS 5/2-203(a). In Illinois, service on individual defendants through the United States Postal Service by certified mail is not permitted under the statute. *Thompson v. Brown*, No. 20 C 133, 2020 WL 6149580, *1 (N.D. Ill. Oct. 20, 2020) (finding service improper where individual defendants served through certified mail); *Lee v. Howse*, No. 19-cv-30, 2020 WL 2468133, *4 (N.D. Ill. May 13, 2020) (citing *Walton v. Lyons*, 962 F. Supp. 126, 128 (C.D. Ill. 1997) ("The Federal Rules of Civil Procedure do not permit service of the summons and complaint by first class, or even certified, mail.")). Plaintiff does not provide any good cause that would allow the Court to extend the time for service. The Court "must dismiss" the complaint if plaintiff fails to properly serve the Defendants within 90 days after filing the Complaint. Fed. R. Civ. P. 4(m). Such a dismissal may be with prejudice "if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute." *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013).

This is not Plaintiff's first case before the Court. In 2018, Kahn sued over 300 defendants for patent infringement and sent them all waivers of service. Repeatedly, at numerous status hearings, the Court warned Kahn that this type of service was an alternative form of service and that defendants were not required to waive service. In spite of these repeated warnings, Kahn refused to alter his service. With very limited exceptions, Kahn failed to serve the defendants in that matter and insisted on serving defendants by mailing the summons and complaint to them. He further refused to obtain an attorney and refused to listen to the Court's recitation of binding law – all offered to help him with his case. Rather than accept any of these warnings, Kahn plunged ahead with his suit, requiring dozens of lawyers to appear and challenge venue and service. In the end, the case was dismissed and the Court sanctioned Kahn for his abuse of the judicial process

9

and he was required to pay for the attorney fees of opposing counsel. In this Court's previous memorandum opinion and order the Court stated:

> Plaintiffs also failed to comply with the timeliness requirements of Rule 4(m). Still, more than 250 days after Plaintiffs filed their Complaint, nearly all of the Defendants have still not been properly served. The Plaintiffs provide no justification for this extreme delay besides their tired refrain that service was completed by U.S. Mail. By maintaining this contention, in the face of directly contrary instruction from the Court, Plaintiffs have failed to comply with the necessary procedural rules for litigating their case. Therefore, due to insufficient and untimely service, Plaintiffs' Complaint is dismissed for want of prosecution.

*Khan et al. v. Hemosphere Inc., et al.*, No. 18-5368, Dkt. 135 at 6. Under these circumstances, the Court will not give Kahn another opportunity than the two he has already had. He cannot claim that he was unaware of how to serve his Complaint nor can he claim he is unaware of the serious consequences of failure to serve properly. Defendants Mulbar, Cabrera, Ramadurai, Byrne and Maghrabi are dismissed for Plaintiff's failure to prosecute.

### III. Remaining State Law Claims

This leaves only state law claims for Violation of Hospital Bylaws, Fraudulent Actions and Wrongful Termination of Plaintiff's Hospital Privileges, Breach of Contract, Defamation, and Mental Distress. Having dismissed the only federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (explaining the Court may decline to exercise jurisdiction over state law claims when federal claims are deficient).

## CONCLUSION

For the foregoing reasons, Plaintiff's discrimination claim is dismissed without prejudice; his antitrust claim is dismissed with prejudice; and because the HCQIA does not provide for a private right of action, this claim is dismissed with prejudice. Plaintiff's claims as to certain Defendants are dismissed for failure to properly effect service and for failure to prosecute. The case is therefore dismissed. If Kahn exhausts his administrative remedies with the EEOC, he may refile his discrimination claim.

_____
Virginia M. Kendall
United States District Judge

Date: November 17, 2020